## JOSEPH SMITH *vs.* THE BOWDITCH MUTUAL FIRE INSURANCE COMPANY.

The by-laws of a mutual fire insurance company provided, that any policy issued
by the company should be void, unless the true title of the assured should be ex-
pressed in the application for insurance ; and that every applicant for insurance
should make a true representation of the property on which he requested insur-
ance, so far as concerned the risk and value thereof, and of his title and interest
therein : An applicant for insurance by the company described the premises on
which he desired insurance as his, but without stating any thing specific con-
cerning his title thereto, and in fact had no legal title to the same, but only a
bond for the conveyance thereof to him on the performance of certain conditions :
And the company issued a policy in his favor, made in express terms subject to
the provisions and conditions of their charter and by-laws, and to the lien esta-
blished by law on the interest of the person insured in any building covered by
the policy, and the land under the same, which lien the company declared it to be
their intention to rely upon : It was held, that the policy was void.

THE facts of this case, so far as they are necessary to an
understanding of the point, upon which it was decided, are
fully stated in the opinion of the court.

*I. J. Austin,* for the plaintiff.

*C. B. Farnsworth,* (with whom was *O. P. Lord,*) for the de-
fendants.

MÉTCALF, J.   This is an action on a policy of insurance,
dated March 2d, 1847, whereby the defendants caused Carpen-
ter and Dana to be insured, for the sum of $2500, against loss
by fire, on their print-works and machinery in Attleborough.
The insurance was for four years, and was made subject to
the provisions and conditions of the defendants' charter and
by-laws.   And the loss, if any should occur, was made " pay-
able to Joseph Smith of Pawtucket," who brings this action
for a loss alleged and admitted to have occurred on the 28th
of March, 1848.

The facts and documents in the case are numerous and
complicated; and several legal questions have been raised and
very elaborately and ably argued.   But as the court are of
opinion that a single point in the case is decisive against the
right of the plaintiff, or of any other party, to recover, they
have not deemed it their duty to express or to form an opinion
on any of the other points.

The fatal defect in the plaintiff's case is this: At the time of the insurance, the assured had no legal title to the property described in the policy. They had formerly owned and mortgaged it; but the mortgage had been foreclosed, and they had only a bond for a reconveyance of it to them, on certain conditions.

As the policy was made, in terms, subject to the provisions and conditions of the defendants' charter and by-laws, it legally adopted and embodied those provisions and conditions, as part of the contract, to the same effect as if they had been set forth at large in the policy. *Houghton* v. *Man. Mut. F. Ins. Co.* 8 Met. 114, 120. On looking at those by-laws, we find that, by article 17th, " any policy, issued by this company, shall be void, unless the true title of the assured be expressed in the proposal or application for insurance." And by article 19th, " the applicant for insurance shall make a true representation of the property on which he requests insurance, so far as concerns the risk and value thereof, and of his title and interest therein."

The application for insurance, in this case, was thus: " Bowditch mutual fire insurance company in Salem. The undersigned, Carpenter and Dana, of Attleborough, in the county of Bristol, state of Massachusetts, hereby request insurance against fire, by said company, in the sum of twenty-five hundred dollars, on the property herein specified, viz., on their print-works $1300; on their machinery $1200. And the said applicants hereby covenant and agree, to and with said company," (among other things,) " that, in case of insurance, they hold themselves bound by the act of incorporation and by-laws of said company." Various other statements were made, in the application, as to the situation, condition, and use of the insured property; but nothing further was stated concerning the title thereto.

The policy recites, that whereas Carpenter and Dana had made application to the defendants, and had deposited their promissory note, payable to them, for five hundred dollars, " to be insured against loss and damage by fire, in the sum of twenty-five hundred dollars, upon the property described in

their application, which is made a part of this policy, namely, upon *their* print-works thirteen hundred dollars, machinery twelve hundred dollars; now this policy witnesseth, that the said applicants are admitted members of said company, and the said company, in consideration of the premises, doth promise and agree to insure them, their heirs," &c., "the aforesaid sums, upon the *said* property, against loss or damage by fire, subject to the provisions and conditions of the charter and by-laws of said corporation, and the *lien on the interest of the person insured* in any building covered by this policy, and the land under the same. This company hereby express their intention *to rely upon the lien* above named, to secure the payment of the assessments that may be made according to their by-laws and act of incorporation."

The act incorporating the defendants, (*St.* 1847, *c.* 1,) gives to them all the powers and privileges, and subjects them to all the duties, restrictions, and liabilities, set forth in the Rev. Sts. *c.* 37 and 44. And by the Rev. Sts. *c.* 37, § 36, every policy, made by a mutual fire insurance company, "shall of itself create a lien on the interest of the person insured in any building thereby insured, and in the land under the same, for securing the payment of his deposit note, and any sums for which he may be assessed in consequence of effecting such policy; provided the extent of such liability, and the intention of the corporation to rely upon such lien, shall be set forth in the policy."

Upon the foregoing state of the facts, and the law applicable thereto, we are of opinion that the policy, in this case, is void. Carpenter and Dana applied to the insurance company to insure *their* print-works and machinery, and the company insured the property *as theirs*, relying, and expressly averring a reliance, on a lien upon *their* interest in the building covered by the policy, and the land under the same. The defendants' by-laws, to which the contract of insurance was made subject, provide, that any policy shall be void, unless the true title of the assured shall be expressed in the application for insurance. Such title was not expressed in the application. And the assured had, in fact, no title, but only a bond for a future title, on the performance of certain conditions.

The argument for the plaintiff, in anticipation of an objection to his right of recovery on the foregoing facts, is this: "1st. Carpenter and Dana had an insurable interest in the property, at the date of the policy. 2d. The person having an insurable interest may represent the property as his own, and is not bound to state that his interest is a qualified or conditional one, unless inquiries are made on the subject." We have no occasion to deny the first of these propositions. Indeed it seems to be well-established by adjudged cases. And the second proposition is probably as well established, so far as it respects common insurance companies. But the present defendants are a mutual insurance company, entitled by law to a lien on the buildings insured by them, and the land under the same; and in the case at bar they relied on that lien, as their policy expressly avers.

In the case of *Brown* v. *Williams*, 15 Shepley, 252, the principles, on which we decide this case, were distinctly recognized and affirmed. The assured, in that case, applied to a mutual insurance company, and stated, in his application for insurance, and in answer to the question, "Who is the owner of the building," that *he* was the owner. In fact, he was not the owner of the building, but had, like the assured in this case, a bond for a conveyance thereof to him, on his performing certain conditions. Whitman, C. J., said, "it is true that an equitable interest may be the subject of an insurance ; and in policies obtained at the common offices, for the purpose, it need not be described as such. But, at mutual insurance offices, it must necessarily be otherwise, when a lien in behalf of all concerned is to be created. It then becomes material that the company should become apprised of the true state of the ownership in the property insured. It will operate as a fraud upon the members of the company, if the applicant calls the property, proposed to be insured, his, and thereupon obtains an insurance of it, when in fact he has but a contingent interest in it, and, as in this case, of a very precarious kind, and in reference to which a lien in behalf of the company could not be enforced." "Each member of the company was interested in having such a security, from every other member thereof, as

would insure the payment of his proportion of any losses occurring during their mutual membership. If an assessment upon one should fail to be collected, it must be assessed upon the others." " Our conclusion is, therefore, that the policies were not obligatory upon the company." In principle, there is no difference between that case and this. In each, the assured had no legal title to the property insured, and therefore the insurance company could have no lien upon it. In each, the insurance company relied upon a lien. In the one, the assured, in answer to the question, " who is the owner," stated that it was owned by himself. In the other, no question was asked respecting the ownership, but the assured applied for insurance on " their " property; and the insurance company insured it as the property of the assured. In both, there was an omission to express " the true title of the assured," and the policies, in both, were void.                *Plaintiff nonsuit.*