JOHN M. ROUNDS *v.* HENRY G. MUMFORD, SURVEYOR OF HIGHWAYS OF THE CITY OF PROVIDENCE.

The first section of the "Act for mending Highways and Bridges" confers upon the surveyor of highways full power to grade or regrade any public street, and this power of the surveyor is not limited or modified by an "Act concerning sidewalks in the Town of Providence" passed in 1821, providing that sidewalks shall be built and repaired at the expense of the owners of adjoining lands, and for the appointment of commissioners of sidewalks to superintend the building, altering and amending of side walks—the intent of said act being simply to give the commissioner a supervisory power over the surveyor in regard to the height and width of side walks, and the materials with which they should be built. And an ordinance conferring upon the commissioners power to fix the grade of streets, transcends the powers vested in the City Council by the said act of 1821.

The owners of lands adjoining highways are not entitled to compensation for damages caused by the establishment of a new grade in the streets which such lands adjoin, it being the duty of the surveyor to mend, alter and regrade the streets as the public convenience requires, and it is to be presumed damages resulting therefrom would be provided for in the assessment of damages made upon the laying out of public highways through private lands.

In fixing new grades the surveyor is bound to exercise a fair discretion having regard to public convenience and private rights and if he acts recklessly or maliciously, and thereby injures any one he will be personsally liable for damages.

Section 23d of the "Act for mending Highways and Bridges" commented upon.

This case is sufficiently stated in the opinion.

*Carpenter and Bradley* for the plaintiff.

*Ames and Payne* for the defendant.

HAILE J., delivered the opinion of the Court.

This was an action of the case, in which the plaintiff alleges in his declaration, that the defendant unlawfully excavated, and dug and carried away from the highway called Broad Street, between Spring and Pearl streets, in the city of Providence, adjoining the plaintiff's land, and thereby so lowered down and sunk said highway, that said land of the plaintiff and his dwelling house situated thereon have been greatly damaged and he has thereby caused great damage and expense to the plaintiff.

The plea was the general issue.

The parties agree to submit to the decision of the Court the questions of law involved in this case upon certain admitted facts and references to the city records.

The defendant admits that he excavated, dug, and carried away the earth from said highway or street, and thereby lowered down and sunk said highway, as alleged in the plaintiff's declaration; but alleges that he legally did said acts in the faithful performance of his duties as surveyor of highways in said city of Providence.

It is also admitted that since May, 1844, the city records show no grade established by the street Commissioners on Broad street between Spring and Pearl streets.

In May, 1849, the street commissioners advertised a grade of Broad street; on 6th June, 1849, the street commissioners established a grade of Broad street differing materially from that advertised, which was not sent to the city clerk's office.

The plaintiff and others supposing that the last mentioned grade was the grade advertised appealed from it to the Board of Aldermen, but the proceedings of the street commissioners and this appeal being irregular, the

Board of Aldermen informally heard the appellants, but made no definite adjudication on the subject.

On the 11th of June, 1849, the City Council passed the following resolution, to-wit : "Resolved, that the surveyor of highways be and he is hereby directed to grade Broad street from Summer street to Pearl street, on one grade descending toward Pearl street, and to pave the gutters whenever the owners of the adjacent estates shall furnish curb stones ; and also that he be authorized to alter, if he deem it expedient, the sidewalks or any part thereof upon Broad street, between Summer street and Stewart street."

Upon these admitted facts and references to the city records, the liability of the defendant or the city of Providence to the plaintiff for the consequential damages resulting to him from said acts of the defendant, must depend on the legal construction of the acts of the General Assembly and of the ordinances of the city of Providence hereinafter mentioned passed in pursuance of said Acts and by virtue of the city charter.

The first section of the Act for mending Highways and Bridges requires that highways and town ways shall be kept in repair and amended from time to time at the proper charge and expense of the town under the direction of the surveyor or surveyors of highways appointed by law, and gives to the surveyor or surveyors full power and authority to cut down, lop off, dig up and remove all sorts of trees, bushes, stones, fences, rails, gates, bars, inclosures or other matter or thing that shall any way straighten, hurt, hinder or incommode any highway or town way. (Dig. of 1844, 323.)

This statute, therefore, clearly conferred on the defendant as surveyor of highways in the city of Provi-

dence full power to grade or regrade Broad street in such way and manner as the public convenience might require. And by a fair and reasonable construction the words of the Statute gave him full power in the judicious exercise of his official discretion to grade and regrade, amend or repair said street and all parts of it within the lines of the street.

By an Act concerning side walks in the Town of Providence, passed in 1821, it was provided that the side walks in the streets and highways in the town of Providence shall be built and repaired at the expense of the owners of the adjoining land, in the way and manner provided in said act. And this act further provides for the annual appointment of three commissioners of side walks, who shall have power and authority, and whose duty it shall be to superintend, order and direct the manner of building, altering and amending the side walks and to order and to determine of what height and width the same shall be, and of what materials the walks shall be composed, and how and with what secured and finished ; with power to alter and improve those already made, in such way and manner as they think the public convenience requires. (City Ordinances, p. 29.)

This act relates to the height, width and materials of side walks exclusively, and does but affect the streets incidentally. The terms of the act do not purport to repeal the general law relative to the powers and duties of surveyors of highways, nor can it by reasonable implication be construed to limit or modify the authority of such surveyors.

The manifest intention of this act evidently is to provide that the expenses of building sidewalks should be defrayed by the owners of the adjoining lands, who

would be most directly and essentially benefited by such side walks, instead of being paid out of the public treasury ; and to give to the street commissioners a supervisory power over the surveyor of highways, in regard to the height and width of side walks and the materials with which they should be built. But it does not in our opinion affect or limit the power of the surveyor of highways in regard to the grade or amending highways or streets, nor the power of the city council to make appropriations for such purpose, whenever they may deem the public interest to require it.

By an act in amendment of the aforesaid acts, passed January, 1841, so much of the aforesaid act as requires the annual appointment of three commissioners of side walks was repealed, and it was therein provided that the powers therein given to the side walk commissioners, shall, after the first Monday of June thereafter, be vested in the city council of the city of Providence, and said city council was thereby authorized, either by a committee of their own body or by any person or persons appointed by them to proceed in the same manner and with the same powers as are granted to the side walk commissioners, in and by the aforesaid act of 1821. (City ordinances, p. 31.)

By an ordinance of the city council of the city of Providence, subsequently passed, it is provided that there shall be annually appointed by the city council, three street commissioners, and that it shall be the duty of the street commissioners to fix the height, width and materials of side walks, *and the grades of the streets,* and to prevent encroachments thereon, and to perform all other such duties as in said ordinance are set forth.

The second section of this ordinance directs the man-

Rounds *v.* Mumford.

ner in which the duties of the said street commissioners shall be performed ; and further provides that if any owner of land shall feel himself aggrieved by any grade of any highway or street established by the street commissioners, he may appeal to the Board of Aldermen ; and the Board of Aldermen, after hearing the matter and inspecting the ground may confirm or alter such grade in their discretion. (City ordinances, p. 80.)

This ordinance so far as it imports to confer on the street commissioners the power to fix the grade of streets, clearly transcends the powers vested in the city council by the said act of 1841. And the exercise of this power is inconsistent with and repugnant to the power delegated to the surveyors of highways by the first section of the aforesaid Act for mending Highways and Bridges.

But by the fifth section of said ordinance it is provided in certain cases therein mentioned, that when the owners of land on both sides of any street belonging to the city, shall furnish the curb stones and build the side walks thereof, the surveyor of highways is authorized to pave the gutters and to fill up and grade such street at the expense of the city, provided that said expense shall not exceed the sum of three hundred dollars. (City ordinances p. 83).

So much, therefore, of the aforesaid resolution of the city council as relates to paving the gutters on Broad street was peculiarly proper and appropriate.

It was contended by the plaintiff's counsel, that when the grade of a street is once made, the owners of the adjoining land build on the faith of such grade and that the grade cannot be altered without compensation to such owners for the injury which they may sustain in consequence of such alteration. But we think that this

point cannot be sustained by a reasonable and practical construction of the statute or upon authority.

The 16th section of our declaration of rights provides that private property shall not be taken for public uses without compensation.

In conformity to this constitutional provision the second section of the Act for laying out highways gives an ample remedy for any damage or injury which the owners of land may sustain in consequence of any public highway being laid out through their lands. (Dig. of 1844, p. 319.)

In a populous and growing city like this, the spirit of enterprise and private interest are constantly making great changes in the condition of the lands adjoining the public streets, and not unfrequently by such changes turning the water in a different direction and thereby rendering the grades of streets, which had before been judiciously established, wholly unsuitable and the streets themselves inconvenient to the public.

In such cases, not only the public convenience but the duty of the surveyor requires that the grade of the street should be changed ; and it may fairly be presumed, that at the time of laying out the street, a reasonable foresight must have contemplated such changes, and any injury to the owners of adjoining lands, which might be caused by any reasonably anticipated change of grade, would be a proper subject of damages to be considered and determined at that time.

As a general rule of law, by the legal establishment of a public highway, the public acquire only an easement in such highway ; and the fee of the soil remains in the owners of the adjoining lands.   But the statute does not limit the ownership of the public and the power of the

Rounds *v.* Mumford.

surveyor over the highway to the mere surface thereof. It is not only the power but the duty of the surveyor, from time to time, to repair the highways or townways and to amend the same as the public convenience requires, by digging down hills, filling up hollows, and by grading or regrading such ways, so as suitably to turn the water in the proper direction, so as best to subserve the convenience of the public travel and do as little injury as may be to the owners of the adjoining lands.

In doing this he is bound to the faithful exercise of a fair discretion, with a due regard both to public convenience and to private rights ; for if he acts recklessly or maliciously and thereby injures any one he exceeds his authority and will make himself personally liable for such injury.

Such, we believe, has been the practical construction of our statute for years in the several towns in this state, and in this city. And our citizens have generally acquiesced in this construction so far as we know ; for we have not known any suit commenced, until this, for the recovery of consequential damages caused by the fair exercise of such official power by any surveyor of highways.

This practical construction of our statute, we apprehend, is fully sustained by reason and authority. In the case of *Callender* v. *Marsh*, (1 Pick. 418,) the Court by a clear, able and elaborate opinion delivered by Chief Justice Parker, put the same construction, in relation to the powers of surveyors of highways and the rights of the public, on the Massachusetts statute of 1786, c. 81, §1, the words of which statute upon this subject are nearly, if not precisely identical with our own. And the decision of this learned Court is supported by decisions in regard to the exercise of similar powers under analogous

statutes.  *Governor &c. of Cast Plate Manufacturers* v.
*Meredith*, (4 Durn. & East. 494.)  *Wilson* v. *The May-
or &c. of New York*, (1 Denio 595.)

It is unquestionable as a general rule, that the equita-
ble and protective principles of the common law are in-
tended to afford a remedy for every wrongful and illegal
injury to personal rights and the rights of property.  And
the maxim " *sic utere tuo ut alienum non lœdas*" is one
of sound law, practical common sense and pure moral ob-
ligation.  But there are cases of consequential damages,
caused to the property of another by the peaceable and
reasonable exercise of a man's own rights of property, for
which neither the common law, nor civil law, whose prin-
ciples have been tested, approved and applied by the wis-
dom and experience of many centuries, affords any reme-
dy.

The rights of the public in property are to be governed
by the same rules of law as the rights of individuals.
And the power and right of the surveyor of highways to
dig down and remove the earth, for the purpose of amend-
ing the highways, being established, the legal consequen-
ces of his official acts are the same as the legal conse-
quences of the acts of an individual digging in his own
land.  It has been decided, that a person building a house
contiguous and adjoining to the house of another, may
lawfully sink the foundation of his house below the foun-
dation of the house of his neighbor, and is not liable for
consequential damage, provided he has used due care and
diligence to prevent any injury to the house of the other.
These cases are decided on the principle that a possible
damage to another by the cautious and prudent exercise
of a lawful right is not to be regraded, and if a loss is the
consequence it is " *damnum absque injuria.*"  *Panton* v.

*Holland,* (17 Johns. 92,) *Thurston* v. *Hancock,* (12 Mass. 276.)

For such consequential damages, therefore, the plaintiff is not entitled to recover unless he has a remedy by statute.

By the 23d section of the aforesaid " Act for the mending of Highways and Bridges," it is provided that no surveyor of highways shall remove the earth so near to any wall or fence erected upon or without the limits of such highway as to undermine or overthrow the same, unless the same shall be absolutely necessary for the security or convenience of the public, and in that case the repairs shall be made under the supervision of the town council or of some person by them appointed, and the town shall be at the expense of repairing or resetting the wall or fence removed.

But the acts of the defendant set forth in the plaintiff's declaration do not bring this case within the remedial provision of this statute. We are, therefore, of opinion, that neither the defendant nor the city of Providence are, upon said admitted facts and references to the city records, legally liable for the damages sustained by the plaintiff by the acts set forth in his declaration.

The Court regret that the plaintiff should be compelled to sustain an injury to his property at his own expense, in consequence of the legal official acts of the surveyor of highways for [the benefit and consideration of the other inhabitants of this city, whose property in equity and good conscience should bear its fair proportion of this burden; but we cannot bend the law to meet the hardships of this particular case.

In the absence of any statutory provision for such an injury, the only remedy is an appeal to the equitable con-

sideration of the city authorities or to the General Assembly for suitable legislative enactments in relation to such cases.

*Judgment for the defendants.*