STATE OF MAINE *vs.* INHABITANTS OF THOMASTON and

ROCKLAND.

STATE OF MAINE *vs.* INHABITANTS OF THOMASTON.

STATE OF MAINE *vs.* INHABITANTS OF ROCKLAND.

Knox.   Opinion December 12, 1882.

*Ways between towns.· Indictment.   R. S., c. 18, § 41.* ·

When the centre of a road is the divisional line between two towns, and no crosswise division has been made in pursuance of the provisions of R. S., c. 18, § 41, each town is liable for defects occuring within its limits, and is bound to repair them.

Towns so situated cannot be jointly indicted, and neither town is to be held liable for defects arising from the neglect of the other.

ON REPORT on agreed statement.

The opinion states the case.

*J. O. Robinson,* county attorney, for the state, submitted without argument.

*D. N. Mortland,* for the city of Rockland, upon the joint indictment, cited : Dillon's Municipal Corporations, vol. 1, § 184 ; R. S., c. 3, § § 41, 42, 43 ; R. S., c. 18, § § 40, 41, 42, 44, 70, 71, 72 ; *State* v. *Gorham,* 37 Maine, 451 ; *Davis* v. *Bangor,* 42 Maine, 522 ; *State* v. *Milo,* 32 Maine, 55 ; *Commonwealth* v. *North Brookfield,* 8 Pick. 463.

We contend the city of Rockland cannot be held under the special or separate indictment.

I. Because if said highway was not divided as required by R. S., c. 18, § § 41, 42, it was · divided by mutual consent, which division has been acquiesced by both towns for thirty-two years, and that the bridge or. portion of the road defective, has been wholly under the jurisdiction of the town of Thomaston during that time.   *Chenery* v. *Waltham,* 8 Cush. 327 : *Todd* v. *Rome,*

2 Green. 61; *State* v. *Wilson*, 42 Maine, 9; *State* v. *Bradbury*, 40 Maine, 154; *Rowell* v. *Montville*, 4 Maine, 270; *Gilpatrick* v. *Biddeford*, 54 Maine, 93.

II. Because the case shows that the defect, which caused the indictment, was wholly outside of the limits of the city of Rockland, and within the limits of the town of Thomaston. *Ham* v. *Sawyer*, 38 Maine, 37.

III. Because it appears that the town of Thomaston has within six years made repairs on the way or bridge, and they are estopped from denying the location. R. S., c. 18, § 66; *McCann* v. *Bangor*, 58 Maine, 348.

*A. P. Gould*, for the inhabitants of Thomaston, cited: R. S., c. 18, § 41; special stat. 1848, c. 131, § 5; *Ham* v. *Sawyer*, 38 Maine, 37; 2 Whart. Ev. 1334-1346; *Gilpatrick* v. *Biddeford*, 54 Maine, 93.

And counsel further contended: There having been no division of this road by the towns, or by the county commissioners as was authorized by the statute on application to them the duty to keep them in repair was joint.

There is no statute regulation touching it; but the court will look at the situation and the necessities of it. It must be one road and that road so constructed as to be safe and convenient. If each town was to build up to the line each might elect a method and you might not have a road, or a bridge, constructed of the same material, of a common level, or each half so adapted to the other as to make it safe and convenient.

This would especially apply to the construction of a bridge where a line between two towns runs in the centre of it lengthwise. The duty is imposed upon both towns to see that the bridge is constructed in a safe and convenient manner, and as it must be one bridge, the several parts upon the two sides of the line interlacing each other, it can only be constructed by a common authority. The towns must jointly participate in jt, and if they fail in their duty, are liable to a joint indictment.

Admitting the duty to build the bridge and the liability upon both towns if it is not made safe, in the absence of any precedent or legal authority, the court should be governed by the obvious

necessities of the case. It would be impossible to build a bridge in any other way than by joint action, and the argument *ab inconvenienti* applies. Those liable (to repair) may be indicted. Section 40.

APPLETON, C. J. The three indictments, which are to be considered together, are for a defect in a bridge in the road, the center of which constitutes the dividing line between the towns of Thomaston and Rockland. The defect is on the Thomaston side of the center.

I. The indictment against Thomaston and Rockland for a joint neglect cannot be sustained. There is no joint liability. The limits of towns are fixed by the legislature. Each town is bound to keep the roads within its own boundaries in repair. Each is liable for its several defects, not for those of another town. Thomaston could assess no tax to repair roads in Rockland, nor could Rockland for repairing the roads of Thomaston. Neither could the surveyors of one town make repairs in the other. The liabilities and duties, the neglects and omissions, of towns are several and not joint. The fines to be imposed are to be paid by the assessments of the several town officers, not by any joint assessment to pay a joint liability.

Such are the necessary results, and they are in conformity with the authorities bearing on the subject. "In England," observes BELL, J., in *State* v. *Canterbury*, 28 N. H. 218, "if a part of a bridge is within one county and the other part in another county, each county shall repair that part of the bridge which is within it. Arch. Cr. Pl. 375 ; 3 Chitty Cr. Law, 595. If a difficulty should arise from this cause, it would seem to call for legislation as to the mode of building, rather than for a change of the law imposing liability." In *Com.* v. *Deerfield*, 6 Allen, 449, the defect was in the Deerfield part of the bridge. In delivering the opinion of the court, HOAR, J., remarks : "If they (defendants,) have neglected to repair a part of the road which it is their duty to maintain, it is no defence that this part would be of no practical use, because the bridge company have always been guilty of a neglect of duty. Otherwise, if a bridge

between two towns were carried away, neither of them could be compelled by indictment to restore the structure, and the public would be without remedy."

As it is obvious that there might be great inconvenience in making repairs when the line between towns is in the center of a road, provision is made for a division crosswise, by R. S., c. 18, § 41. This inconvenience was long ago recognized in England, whenever the boundaries of parishes were in the center of a highway, and the inconvenience was remedied by 34 Geo. 3, c. 60, which authorized justices to allot to each parish the portion to be repaired by it.

In 1848, the town of East Thomaston, since changed into Rockland, was set off from Thomaston. The commissioners named in the act of division to set up monuments on the line between the towns and perform other duties set forth in the act, in the return of their doings state, that "by request and desire of the selectmen of Thomaston and East Thomaston, they reviewed that portion of the public road which is divided lengthwise by the town line of Thomaston and East Thomaston, and made such division and assignment thereof to each of said towns, to be supported and maintained as in their opinion was equitable and fair ;" then follows the assignment of the road crosswise, the bridge in question being assigned to Thomaston.

It is admitted that since 1848, the town of Thomaston has kept in repair that portion of the way assigned to them, which includes the bridge in question and that Rockland has kept in repair the portion assigned to them.

By R. S., c. 18, § 41, the municipal officers, "when a way is established on a line between towns," may divide the road crosswise and assign to each town its proportion, which assignment, being accepted in one year thereafter by each town at a legal meeting, "shall render such town liable in the same manner, as if the way were wholly within the town."

The division was not within the requirements of the statute. It was not made by the selectmen. It was not approved by the inhabitants of the respective towns to be thereby affected within a year.

True, the division was made at the request of the selectmen of both towns interested,— and has been acquiesced in,— but those facts without any vote of the town affirming the division, could not give jurisdiction,— and it may well be doubted if it could with.

II. No indictment can be maintained against Rockland except for defects occuring within its jurisdictional limits, — beyond, its liability for defects in a public highway ceases.

III. The defect occuring on the Thomaston side of the divisional line, it becomes the duty of that town to see to its repair. It may be inconvenient to do it. But the neglect of a town must be repaired by the town guilty of the negligence, — not by a town free from fault. Rockland cannot be liable for the neglects of Thomaston. It is for the party guilty of neglect to see to it that defects caused by its negligence be fully repaired.

IV. If there be defects on both sides of the divisional line, then each town is liable to indictment for its own neglects, and each must do what is necessary for the reparation of its own defects. In fixing the fines, the court will so apportion them that each town shall be made responsible for its own deficiencies of duty.

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.